UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:18-cv-11961-IT

| | |
|---|---|
| MAGIC LINK GARMENT LIMITED,<br>Plaintiff<br><br>v.<br><br>THIRDLOVE, INC.,<br>Defendant | **AFFIDAVIT OF DAVID SPECTOR** |

I, David Spector, being duly sworn, do depose and say:

1. I am a resident of San Francisco, California.

2. I am employed by the defendant ThirdLove, Inc. ("ThirdLove") as Co-CEO. I am also a co-founder of ThirdLove.

3. ThirdLove is an innovative bra and women's underwear company that sells its products online and that focuses on fit and quality.

4. ThirdLove is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in San Francisco, California.

5. Magic Link Garments, Ltd. ("Magic Link") is a Hong Kong limited company with its principal place of business in Hong Kong, S.A.R (China).

6. ThirdLove and Magic Link had a contractual relationship in which Magic Link manufactured bras to ThirdLove's specifications and delivered them to ThirdLove's designated contractors to be sold through ThirdLove's online website.

7.	The terms of ThirdLove's contractual relationship with Magic Link, including the design and pricing of the products, were negotiated between ThirdLove personnel, all of whom were located in San Francisco, California, and Magic Link personnel, who were mostly located in Hong Kong.

8.	Initially, ThirdLove provided proprietary designs and specifications to Magic Link. Thereafter, the typical procedure for the parties' contractual relationship was as follows.

9.	First, ThirdLove would send, from its offices in San Francisco, California, an e-mail to Magic Link's offices in Hong Kong, containing a spreadsheet setting out the amounts of each type and size of product that ThirdLove was ordering and the destination(s) for delivery of the products. Magic Link would confirm receipt and acceptance of the order by sending, from its offices in Hong Kong to ThirdLove's offices in San Francisco, invoices setting out the amounts of products ordered, the price, the delivery terms (typically FOB to the designated delivery site), and the cost.

10.	Until October 2017, all of Magic Link's product deliveries under this relationship were FOB to a ThirdLove contractor's facility in California. Thereafter, the deliveries have been split between a ThirdLove contractor's facility in Fontana, California, and a ThirdLove contractor's facility in Greenwood, Indiana.

11.	This dispute has arisen because the bras that Magic Link has delivered under its contract with ThirdLove, especially beginning in May 2018, were defective, leading to numerous returns by ThirdLove customers due to the bras ripping or tearing apart, attributable to faulty manufacturing by Magic Link.

12.	In the wake of numerous customer returns, ThirdLove conducted inspections of bras at Magic Link's manufacturing facility in Cambodia, as well as of shipments to ThirdLove's

designated locations in the United States and at Magic Link's warehouses. Those inspections revealed so many defects and problems that they rendered the products delivered by Magic Link unsellable.

13. As a result of Magic Link's breach of its contractual obligations, including its breach of the implied warranty of merchantability, ThirdLove has suffered damages in excess of $10 million in inspection costs, customer return-related costs, lost sales, and other damages.

14. In response, rather than addressing the defects in its performance, Magic Link embarked on a campaign against ThirdLove. Magic Link personnel sent email communications to a ThirdLove board member in Menlo Park, California, accusing ThirdLove of "tactics" that were "not a normal business practice." Magic Link personnel also sent to ThirdLove, at its offices in San Francisco, an e-mail that threatened ThirdLove with a "negative credit report".

15. Moreover, when ThirdLove ceased paying certain invoices for Magic Link's defective products, Magic Link embarked on a campaign to interfere with ThirdLove's business relationships with other suppliers, all of which are located in China. Magic Link told ThirdLove suppliers that ThirdLove was delinquent in its payments to Magic Link, without informing those suppliers that ThirdLove was withholding payment for quality reasons.

16. Magic Link's intentional interference has led at least one ThirdLove supplier to cease making shipments of key bra components to new bra manufacturers that ThirdLove has engaged to replace Magic Link, and to repeat Magic Link's false and defamatory statements that ThirdLove is delinquent in payment. Magic Link's wrongful interference with ThirdLove's business relationships has caused further damage to ThirdLove in an amount that will be proven at trial.

17.     All of the foregoing actions took place in California, Hong Kong, elsewhere in China, Cambodia, and Indiana. None of them took place in Massachusetts.

18.     Massachusetts' connection to this matter is slight indeed.  Heidi Zak and I, the two ThirdLove co-founders, met once with Matthew Fink, the President of Magic Link (according to his e-mail signature), in June 2012, near Fink's home in Westin, Massachusetts, years before the events at issue in this lawsuit took place. This single meeting over six years ago was the only substantive meeting between representatives of ThirdLove and Magic Link of which I am aware that took place in Massachusetts (I played a round of golf with Fink in Massachusetts in June 2014, at the latter's invitation).

19.     The only other contact with Massachusetts was that ThirdLove sent some payments for Magic Link products to the Bank of America, to the account of a different corporation, at Fink's instruction given in December 2016. Specifically, Fink instructed ThirdLove to send payments by wire transfer for the benefit of a company named Fastech, Inc. with an address in Stoughton, Massachusetts. Prior to that time, all ThirdLove payments to Magic Link were made to Magic Link accounts in Hong Kong and the United States (the US payments were to a Bank of America branch in Virginia, except for one payment made to a Bank of America branch in Massachusetts in June 2016).  More recently, since at least March 2018, all or substantially all Third Love payments for Magic Link products were sent to a bank in Hong Kong.

20.     In contrast, Fink traveled to California to meet with ThirdLove in San Francisco on several occasions, including the following:

- November 12, 2014
- May 29, 2015
- January 23, 2017

- July 10, 2017
- September 12, 2017

21. Meetings between ThirdLove and Magic Link personnel also occurred in Hong Kong and elsewhere in China, as well as in Cambodia.

22. Just one substantive meeting between representatives of the two parties took place in Massachusetts.

23. All e-mail communications between Magic Link personnel and ThirdLove personnel were received by the latter personnel in their San Francisco offices or their California homes, unless the person was travelling.

24. With the exception of Fink, all other Magic Link personnel with whom ThirdLove communicated were believed to be in Hong Kong or elsewhere in China or in Cambodia.

25. ThirdLove brought its California federal district court action on September 14, 2018 (prior to this case being removed to the District of Massachusetts from Massachusetts state court on September 17, 2018) to recover the damages caused by Magic Link's breaches of contract and other wrongful acts and to enjoin Magic Link from its wrongful interference in ThirdLove's business relationships.

26. The individuals named in Exhibit A, attached hereto, are potential witnesses in these actions. With the exception of Fink, all of the potential witnesses are based in either California or China.

Signed under the pains and penalties of perjury this 8th day of October, 2018.

_____
David Spector

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on the 10th day of October, 2018, this document, filed through ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

                                                  /s/ Peter L. Puciloski

EXHIBIT A TO
AFFIDAVIT OF DAVID SPECTOR

LIST OF POTENTIAL WITNESSES

The city and state/country listed next to each potential witness represent the place where each such potential witness is believed to have his or her primary office.

ThirdLove Potential Witnesses
Heidi Zak, San Francisco, CA
David Spector, San Francisco, CA
Ra'el Cohen, San Francisco, CA
Veronique Powell, San Francisco, CA
Emmeline Cais, San Francisco, CA
Clare Karunawardhane, San Francisco, CA
Harrison Kurzer, San Francisco, CA
Young Chae, San Francisco, CA
Valerie Yurchanka, San Francisco, CA
Yer Lor, San Francisco, CA
Erica Johnswick, San Francisco, CA
Christina Safley, Chico, CA
Pearl Ng, San Francisco, CA
Kimmy Auyeung, Hong Kong, China
Wendy Xiang, China

Magic Link Potential Witnesses
Larry Chan, Hong Kong, China
Matthew Fink, Westin, MA
Jimmy Soong, Hong Kong, China
Virginia Pun, Hong Kong, China
Simon Chu, Hong Kong, China
Chloe Lau, Hong Kong, China
Noel Sio, Hong Kong, China
Johnny Wong, Hong Kong, China
Jan Kong, Hong Kong, China
Jeannie Ruff, Hong Kong, China
Barbie Law, Hong Kong, China

V Shapes Moulders Potential Witnesses
David Ou, Hong Kong, China
H.C. Deng, Hong Kong, China

La Chois Apparel Co. Potential Witnesses
Helen Zhang, Shenzen, China
David _____, Shenzen, China