UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MAGIC LINK GARMENT LIMITED, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 18-cv-11961-IT |
| | * | |
| THIRDLOVE, INC., | * | |
| | * | |
| Defendant, | * | |
| | * | |
| SILICON VALLEY BANK AND BILL.COM, INC., | * | |
| | * | |
| Trustee Process Defendants | * | |

MEMORANDUM AND ORDER

December 6, 2018

TALWANI, D.J.

Plaintiff Magic Link Garment Limited ("Magic Link") filed its Complaint [#1-1] in Massachusetts Superior Court. Defendant ThirdLove, Inc. ("ThirdLove") removed the case to this court. Notice of Removal [#1]. ThirdLove now seeks to transfer this matter to the Northern District of California pursuant to 28 U.S.C. § 1404(a), where it subsequently filed suit against Magic Link. Because the court finds that the relevant factors weigh in favor of transfer, the court ALLOWS ThirdLove's Motion to Transfer [#13] and transfers this case to the Northern District of California.

1. Legal Standard

The court has greater discretion to transfer a case pursuant to 28 U.S.C. § 1404(a) than it did to dismiss under the common law *forum non conveniens* doctrine. Mercier v. Sheraton Intern., Inc., 935 F.2d 419, 423 n.4 (1st Cir. 1991) (citing Piper Aircraft v. Reyno, 454 U.S. 235,

253 (1981)). Under § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). When considering a request to transfer, the court may also consider the availability of documents necessary to the dispute, the possibility of consolidation with other pending cases, and the order in which the district court obtained jurisdiction. Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987). The burden to show that transfer is warranted rests upon the party seeking transfer. Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000).

    2. Application

ThirdLove argues that transfer is warranted because the issues underlying this dispute took place in California, Hong Kong, elsewhere in China, Cambodia, and Indiana, and because Massachusetts's connection to this case is minimal. Def.'s Mem. in Support of Mot. to Transfer ("Def.'s Mem.") 3 [#14] (citing Spector[1] Aff. ¶¶ 10–19 [#13-1]). ThirdLove, a corporation with headquarters in San Francisco, California, contends that all but one of the critical witnesses in this case are in California and Hong Kong, and therefore Massachusetts is not a convenient forum for either party or the necessary witnesses. Id. at 7-10. ThirdLove argues further that California has a more substantial interest in this case than Massachusetts does, and is where ThirdLove has filed its counterclaims. Id. at 13; see Thirdlove, Inc. v. Magic Link Garment, Ltd., No. 3:18-cv-05644-MMC (N.D. Cal. Sept. 14, 2018).

Magic Link responds that its choice of forum deserves significant weight, and that ThirdLove is trying to minimize the case's connection to Massachusetts. Pl's Opp'n 5, 1 [#15].

---

[1] David Spector is the co-founder and co-CEO of ThirdLove. Spector Aff. ¶ 2 [#13-1].

Magic Link points out that ThirdLove approached Magic Link and negotiated the parties' business relationship in Massachusetts, and that ThirdLove relied upon Magic Link, through its office in Massachusetts, to finance the inventory upon which Third Love built its business. Id. at 3-4 (citing Fink[2] Aff. ¶¶ 3–7, 10–11 [#15-1]). Magic Link claims that ThirdLove is seeking to shift the balance of inconvenience to Magic Link, but that no special circumstances justify a transfer. Id. at 6.

    A. Plaintiff's Choice of Forum

There is a strong presumption in favor of the plaintiff's choice of forum, Coady, 223 F.3d at 12, although a plaintiff's choice is not a "trump card for all plaintiffs opposing transfer," DSM Research, B.V. v. Verenium Corp., 686 F. Supp. 2d 159, 161 (D. Mass. 2010). "[C]ourts have assigned less weight to a plaintiff's choice if, for example, a district has no obvious connection to the case or if the plaintiff is a nonresident." Id. (citing, e.g., United States ex rel. Ondis v. City of Woonsocket, 480 F. Supp. 2d 434, 436 (D. Mass. 2007)); see also 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3848 at 134–39 (2007) ("[T]he plaintiff's venue choice is to be given less weight if he or she selects a district court with no obvious connection to the case or the plaintiff is a nonresident of the chosen forum or neither element points to that court.").

Here, Magic Link is not a resident of its chosen forum. Magic Link is a Hong Kong limited company headquartered in Kowloon, Hong Kong. Am. Compl. ¶ 1 [#9]. At the time the Complaint was filed, Magic Link had not yet registered to do business in Massachusetts. And

---

[2] ThirdLove states in its memorandum that, according to his email signature, Matthew Fink is Magic Link's President. Def.'s Mem. 3-4 [#14]. However, Magic Link makes no such representation in its pleadings, nor does Fink identify himself as Magic Link's President in his affidavit. See Pl.'s Opp'n [#15]; Fink. Aff. [#15-1].

3

while Magic Link contends that much of its sales, marketing, costing, accounting, litigation support, financing, and other logistical matters "are run through" Massachusetts as "various individuals residing in Massachusetts, [Mathew Fink] included, perform these functions," Fink Aff. ¶ 6 [#15-1], it has identified none of these individuals as employees or officers, and the corporate entity maintains no physical presence here.

There is also little "obvious connection" to the case. Although Magic Link required Third Love to make payments to a Bank of America account "maintained in Massachusetts," id. ¶ 9, the alleged wrongful conduct appears to be centered elsewhere. See Am. Compl. [#9] ¶ 13 ("ThirdLove has attempted and continues to attempt to induce Magic Link's suppliers to cease doing business with it or to do business directly with ThirdLove"), ¶ 14 ("ThirdLove has failed to pay significant invoices for products that Magic Link already has shipped"); ¶ 15 (ThirdLove "wrongfully has sought to cancel . . . orders); ¶ 16 ("ThirdLove deducted [amounts] without authorization" and "claimed, falsely, a right to deduct 'finance charges' from its payments"); ¶ 17 (ThirdLove refused to order product after Magic Link had sent the styles and pattern to it"). The Affidavits in support and in opposition to the pending motion confirm that the events at issue in the litigation occurred elsewhere. ThirdLove emailed purchase orders from its offices in San Francisco to Magic Link's offices in Hong Kong. Fink Aff. ¶ 8 [#15-1]; Spector Aff. ¶ 9 [#13-1]. Magic Link manufactured the ordered products in Asia and shipped them to ThirdLove's offices in either California or Indiana.[3] See Fink Aff. ¶ 8 [#15-1]; Spector Aff. ¶ 10 [#13-1]. When ThirdLove accused Magic Link of creating defective products, ThirdLove sent inspectors to conduct testing of Magic Link's products in Cambodia, see Pl's Ex. 2–5 [##15-2,

---

[3] Until October 2017, all shipments were sent to ThirdLove's offices in California. Thereafter, shipments were split amongst California and Indiana. Spector Aff. ¶10 [#13-1].

15-3, 15-4, 15-5]; Fink Aff. ¶¶ 16–22 [#15-1].

As to Magic Link's claim for misappropriation of trade secrets and proprietary information, see Am. Compl. ¶¶ 23-27 [#9], Magic Link alleges that ThirdLove provided—presumably from its headquarters in San Francisco—Magic Link's product samples and work product to another potential product supplier in an unidentified location, id. ¶ 18.

In considering what weight to give to Magic Link's choice of forum, the court takes notes that Magic Link did not file in this court but in Massachusetts state court. Had it filed here, venue would not have been proper for no defendant resides here and this is not a district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). Instead of seeking its choice of a federal venue that satisfied the federal venue statute, Magic Link filed in state court. At the time, however, it was prohibited from initiating an action under Massachusetts state law. See M.G.L. 156D § 15.02 (providing in pertinent part that "[a] foreign corporation transacting business in the commonwealth without delivering to the secretary of state for filing the certificate required by section 15.03 shall not maintain a proceeding in any court in the commonwealth until the certificate is delivered and filed").

As Magic Link is not a resident of Massachusetts and was not registered to do business at the time it initiated the state court action, and as there is no obvious connection between Massachusetts and the events or omissions giving rise to the claim, the court does not give significant weight to plaintiff's choice of forum.

B. Convenience of the Parties and the Witnesses

The parties do not dispute that California is a more convenient forum for ThirdLove, but disagree over whether California or Massachusetts is more convenient for Magic Link. See Pl.'s Opp'n 8 [#15]; Def.'s Mem. 9 [#14]. However, even assuming Massachusetts is more convenient

5

for Magic Link, the convenience of the witnesses counsels strongly in favor of transfer. Cf. Brant Point Corp. v. Poetzsch, 671 F. Supp. 2, 3 (D. Mass. 1987) ("The convenience of the witnesses is "[p]robably the most important factor . . . in passing on a motion to transfer under 28 U.S.C. § 1404(a)." (quoting 5 Wright, Miller & Cooper, Federal Practice and Procedure 2d § 3851 at 415 (1986))).

In weighing the convenience of the witnesses, the court considers "the number of potential witnesses located in both the transferor and the transferee district, the nature and quality of their testimony, and whether the witnesses can be compelled to testify." Boateng v. Gen. Dynamics Corp., 460 F. Supp. 2d 270, 275 (D. Mass. 2006) (quoting Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D. Mass. 1991)). "A party seeking transfer on this basis must, therefore, specify the key witnesses to be called, accompanied by a general statement as to what their testimony will entail." Id.

Attached to his affidavit, ThirdLove co-founder and co-CEO David Spector provided a list of potential party and non-party witnesses, the majority of whom are located in either San Francisco or Hong Kong. Spector Aff. Ex. A. [#13-1]. Only one Magic Link witness, Matthew Fink, is located in Massachusetts. Id. Magic Link responds that three of ThirdLove's fifteen potential witnesses are peripheral, Fink Aff. ¶ 28 [#15-1], and that Magic Link too could point to various Massachusetts individuals who played some role in the accounting and financing functions "critical to the parties' business relationship," id. ¶ 29. However, Magic Link does not name any witnesses located in Massachusetts aside from Fink.

Furthermore, even if Magic Link were to name additional accounting or finance witnesses in Massachusetts, there is no dispute in this case regarding the accounting and financing between the parties. The contested issues are whether ThirdLove's refusal to pay was

6

excusable and whether Third Love provided other suppliers with Magic Link's products. Almost all of the necessary witnesses, aside from Matthew Fink, who can testify about these disputed facts are located in California or China. While it will be inconvenient for the ThirdLove to produce its California witnesses in Massachusetts, and for the Magic Link to produce its Massachusetts witness(es) in California, California is closer than Massachusetts for the witnesses coming from Hong Kong, other cities in China, and Cambodia.

The court finds that the convenience of the witnesses therefore weighs strongly in favor of transfer.

    C. Interest of the Forum

The interests of justice further tip the scale in favor of transfer. Undoubtedly, California has a greater interest in this case than does Massachusetts. See, e.g., Bowen v. Elanes N.H. Holdings, LLC, 166 F. Supp. 3d 104, 109 (D. Mass. 2015) ("[A] Massachusetts jury will have little to no interest in adjudicating a dispute between a Vermont citizen and a New Hampshire entity where the alleged conduct occurred entirely in New Hampshire."); Rivera-Carmona v. Am. Airlines, 639 F. Supp. 2d 194, 198 (D.P.R. 2009) ("[I]t would be a burden to impose jury duty upon the people of [Massachusetts] when they have no relation to the litigation.").

As previously noted, neither party resides in Massachusetts, whereas ThirdLove is headquartered in San Francisco, CA. While Magic Link claims to have administrative functions in Massachusetts, it was not registered to do business in Massachusetts until October 23, 2018, after this litigation was initiated. See Def's Mot. to Dismiss [#6]. Hence, Massachusetts has very little interest in resolving a dispute between two out-of-state parties, whereas California has an interest in overseeing litigation against one of its resident corporations. See 15 Wright, Miller & Cooper, Federal Practice and Procedure 2d § 3854 (2018) ("An additional reason for litigating in

the forum that encompasses the locus of operative facts is the local interest in having local controversies resolved at home . . . .").

D.  Familiarity with the Law

The district court may also consider its familiarity with the governing law in a § 1404(a) analysis. See Van Dusen v. Barrack, 376 U.S. 612, 643 (1964). Magic Link concedes that California law applies in this case. Pl.'s Opp'n 10 [#15]. While this court is capable of applying the law of another forum, the district courts in California are undoubtedly more familiar with the laws of California.

E.  Consolidation of Cases

Finally, the court may also consider the possibility of consolidation of cases and judicial economy when considering a motion to transfer. See Codex v. Milgo Elec. Corp., 53 F.2d 735, 737 (1st Cir. 1977); see also Princess House, 136 F.R.D. at 18. Given that the case filed by ThirdLove in the Northern District of California could just as easily be transferred to this court for consolidation as vice versa, the court gives little weight to this factor.

In summary, having weighed the various factors, the court finds that the convenience of the witnesses, California's relative interest in this case, and the California courts' familiarity with the governing law outweigh any presumption in favor of plaintiff's choice of venue.

3.  Conclusion

For the foregoing reasons, ThirdLove's Motion to Transfer [#13] is ALLOWED. This case is therefore transferred for assignment to the Northern District of California.

IT IS SO ORDERED.

Dated: December 6, 2018					/s/ Indira Talwani
							United States District Judge